IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ) | No. C 07-2981 MMC |
| ) | |
| CHARLES FORDJOUR, ) | **ORDER OF DISMISSAL** |
| ) | |
| Plaintiff. ) | |
| ) | |
| _____ ) | |

      On June 7, 2007, plaintiff, a California prisoner proceeding pro se, instituted the above-titled civil rights action by filing a "Criminal Complaint" in which he requests that the Court "refer his petition to United States Attorney's Office to file a criminal complaint" against unnamed prison officials.

      A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

      Neither the statutes cited by plaintiff, nor any authority of which this Court is aware, provides for this Court to "refer" any matter to the United States Attorney for prosecution. Whether to prosecute and what criminal charges to file or bring are decisions that rest in the prosecutor's, not the court's, discretion. United States v. Batchelder, 442 U.S. 114, 124

(1979). The statutes on which plaintiff first relies, 42 U.S.C. §§ 241 and 242, pertain to the United States Department of Health and Human Services and do not speak to a district court's authority to "refer" a matter to federal prosecutors. Plaintiff also cites 28 U.S.C. §§ 241 and 242; there are no such sections in the United States Code. To whatever extent petitioner means to cite to 18 U.S.C. §§ 241 and 242, two provisions of the criminal code prohibiting the violation of an individual's civil rights, such statutes do not provide a private cause of action or basis for civil liability, see, e.g., Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding 18 U.S.C. §§ 241-242 provide no private right of action and cannot form basis for civil suit), nor do they authorize the referral of a matter to federal prosecutors for criminal prosecution.

Accordingly, the above-titled action is hereby DISMISSED for failure to state a cognizable claim for relief. Said dismissal is without prejudice to petitioner's reporting his concerns to any state or federal law enforcement agency or office. In light of the dismissal, no fee is due.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: June 14, 2007

_____
MAXINE M. CHESNEY
United States District Judge

2