IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) No. C 07-2981 MMC (PR) |
| CHARLES FORDJOUR, | ) **ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR EMERGENCY TRANSFER** |
| Plaintiff. | ) |
| _____ | ) **(Docket Nos. 5, 6)** |

On June 7, 2007, plaintiff, a California prisoner then incarcerated at San Quentin State Prison ("SQSP") and proceeding pro se, instituted the above-titled civil rights action by filing a "Criminal Complaint" in which he asked the Court to "refer his petition to United States Attorney's Office to file a criminal complaint" against prison officials at SQSP.

On June 14, 2007, the Court dismissed the action for failure to state a cognizable claim for relief, finding as follows:

> Neither the statutes cited by plaintiff, nor any authority of which this Court is aware, provides for this Court to "refer" any matter to the United States Attorney for prosecution. Whether to prosecute and what criminal charges to file or bring are decisions that rest in the prosecutor's, not the court's, discretion. United States v. Batchelder, 442 U.S. 114, 124 (1979). The statutes on which plaintiff first relies, 42 U.S.C. §§ 241 and 242, pertain to the United States Department of Health and Human Services and do not speak to a district court's authority to "refer" a matter to federal prosecutors. Plaintiff also cites 28 U.S.C. §§ 241 and 242; there are no such sections in the United States Code. To whatever extent plaintiff means to cite to 18 U.S.C. §§ 241 and 242, two provisions of the criminal code prohibiting the violation of an individual's civil rights, such statutes do not provide a private cause of action or basis for civil liability, see, e.g., Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding 18 U.S.C. §§ 241-242 provide no private right of action and cannot form basis for civil suit), nor do they authorize the referral of a matter to federal prosecutors for criminal prosecution.

(Order of Dismissal, filed June 14, 2007, at 1-2.) The Court dismissed the action without prejudice to plaintiff's reporting his concerns to any state or federal law enforcement agency

or office. (Id. at 2.)

On June 22, 2007, plaintiff filed a motion for reconsideration and to set aside the Court's order of dismissal. Plaintiff filed his motion within ten days of the entry of judgment; the Court thus construes the motion as a timely motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. See American Ironworks & Erectors, Inc. v. North American Construction Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) (holding motion for reconsideration is treated as Rule 59(e) motion if filed within ten days of entry of judgment; if not so filed, motion is treated as Rule 60(b) motion). A motion to alter or amend judgment under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law." McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (internal quotation and citation omitted).

Plaintiff does not argue that newly discovered evidence or an intervening change in the law requires the complaint to be reinstated. His claim is that the Court erred when it dismissed the complaint, because (1) he is in imminent danger of being killed by prison officials at SQSP, and (2) other federal district courts have referred civil cases to the United States Attorney for criminal prosecution. Plaintiff's claim of error is without merit. The allegations and statutory citations in plaintiff's complaint, even when liberally construed, did not support the proposition that a district court has the authority to refer matters to federal prosecutors for criminal prosecution. The motion for reconsideration similarly lacks such support; in said motion plaintiff merely reiterates his contention that prison officials are trying to kill him, and alleges, without citation to any case name or number or other legal authority, that other federal district courts have made the type of referral he seeks. In addition, even if there were legal grounds to support plaintiff's contentions, his request for a referral to the United States Attorney would now be moot. Since September 2007, plaintiff

1  has been filing letters in this case that bear a return address of Avenal State Prison; thus,
2  plaintiff's claim that he is in imminent danger of being killed by prison officials at SQSP is
3  no longer viable.  Accordingly, for the foregoing reasons, the motion for reconsideration is
4  hereby DENIED.  (Docket No. 5.)
5       On June 26, 2007, plaintiff filed a motion for an emergency transfer to federal
6  custody, based on his claim that prison officials at SQSP are trying to kill him.  Because, as
7  noted, plaintiff is no longer incarcerated at SQSP, the motion is hereby DENIED as moot.
8  (Docket No. 6.)
9       This order terminates Docket Nos. 5 and 6.
10      IT IS SO ORDERED.
11 DATED: January 17, 2008

_____
MAXINE M. CHESNEY
United States District Judge

3