

Charles Fordjour V-28028

1-18-08



OUT TO COURT
PAROLED

OFFICE OF THE CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA 94102

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
JAN 28 2008



**FILED**

JAN 17 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

#13

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re ) No. C 07-2981 MMC (PR)
)
CHARLES FORDJOUR, ) **ORDER DENYING MOTION FOR**
) **RECONSIDERATION AND MOTION**
) **FOR EMERGENCY TRANSFER**
Plaintiff. )
_____ ) **(Docket Nos. 5, 6)**

On June 7, 2007, plaintiff, a California prisoner then incarcerated at San Quentin State Prison ("SQSP") and proceeding pro se, instituted the above-titled civil rights action by filing a "Criminal Complaint" in which he asked the Court to "refer his petition to United States Attorney's Office to file a criminal complaint" against prison officials at SQSP.

On June 14, 2007, the Court dismissed the action for failure to state a cognizable claim for relief, finding as follows:

> Neither the statutes cited by plaintiff, nor any authority of which this Court is aware, provides for this Court to "refer" any matter to the United States Attorney for prosecution. Whether to prosecute and what criminal charges to file or bring are decisions that rest in the prosecutor's, not the court's, discretion. United States v. Batchelder, 442 U.S. 114, 124 (1979). The statutes on which plaintiff first relies, 42 U.S.C. §§ 241 and 242, pertain to the United States Department of Health and Human Services and do not speak to a district court's authority to "refer" a matter to federal prosecutors. Plaintiff also cites 28 U.S.C. §§ 241 and 242; there are no such sections in the United States Code. To whatever extent plaintiff means to cite to 18 U.S.C. §§ 241 and 242, two provisions of the criminal code prohibiting the violation of an individual's civil rights, such statutes do not provide a private cause of action or basis for civil liability, see, e.g., Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding 18 U.S.C. §§ 241-242 provide no private right of action and cannot form basis for civil suit), nor do they authorize the referral of a matter to federal prosecutors for criminal prosecution.

(Order of Dismissal, filed June 14, 2007, at 1-2.) The Court dismissed the action without prejudice to plaintiff's reporting his concerns to any state or federal law enforcement agency